IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | CIVIL ACTION NO. |
| Plaintiff, | § § § | |
| v. | § § | COMPLAINT |
| MIKE HOOKS, INC. | § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and Title I of the Civil Rights Act of 1991 as amended to correct unlawful employment discrimination on the basis of race and retaliation and to provided appropriate relief to Daniel Johnson who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Mike Hooks, Inc. ("Defendant" or "Mike Hooks") violated Title VII by subjecting an African-American, Daniel Johnson, to racial harassment, race discrimination and retaliation which culminated in his retaliatory discharge after he reported a white co-worker's racial misconduct. The Commission's allegations are discussed in greater particularity in paragraphs 7 through 14 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a.

2. Venue is proper in this court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Louisiana, Lake Charles Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Mike Hooks, Inc. ("Defendant" or "Employer" or "Mike Hooks") a Louisiana corporation, has continuously been doing business in the State of Louisiana, including the City of Lake Charles, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## **STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Daniel Johnson ("Johnson") filed a charge with the Commission alleging violations of Title VII by Mike Hooks, his former employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2007, when Daniel Johnson began his employment as an Oiler, in Lake Charles, Louisiana, Defendant has engaged in unlawful employment practices in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and §2000e-3(a), within the jurisdiction of this Court.

8. Johnson, an African-American male, was initially assigned to share living quarters with a white male co-worker, Kyle Hendrickson ("Hendrickson"), who was also employed by Defendant as an Oiler. One evening, shortly after the start of his employment, Johnson knocked on the door of their shared private bathroom and asked if it was occupied. Hendrickson, who occupied the bathroom, cursed at Johnson in response. When Johnson asked why he reacted the way he did, Hendrickson, among other things, pushed Johnson and said, "Nigger, get out of my face." Johnson immediately reported the incident to their supervisor, Juan Lopez, who called a meeting with the two men.

9. As a result of the meeting, Hendrickson was told to refrain from inappropriate conduct toward Johnson. However, over the next several days, Hendrickson continued to use derogatory language toward Johnson. Johnson again reported Hendrickson to management. Because of Hendrickson's continuing to engage

in offensive conduct, Johnson insisted that management discipline Hendrickson. Instead Johnson was fired in retaliation for his opposition to Hendrickson's racially offensive conduct.

10. Within days of Johnson's initial complaint that he was being mistreated because of his race, management terminated him and purportedly terminated Hendrickson. Management knew that Hendrickson had called Johnson a "nigger," and had initiated the aggressive conduct against Johnson. It even acknowledged Hendrickson's use of the racial slur in Hendrickson's personnel records.

11. Within a few weeks of his purported "termination," Defendant "re-hired" Hendrickson. Defendant did not re-hire or re-employ Johnson and never informed Johnson that he was eligible for re-hire.

12. The effect of the practices complained of above has been to deprive Johnson of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, African-American, and because of his protected activity in violation of Title VII.

13. The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to the federally protected rights of Daniel Johnson.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents,

servants, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race, and from engaging in employment practices which constitute retaliation in contravention of Title VII;

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of race or protected activity, and which eradicate the effects of its past and present unlawful employment practices;

  C. Order Defendant to make whole Daniel Johnson by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

  D. Order reinstatement into a comparable position for Daniel Johnson or award front pay in amounts to be proven at trial if reinstatement is impractical;

  E. Order Defendant to make whole Daniel Johnson by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above including, but not limited to, out-of-pocket expenses such as job search and insurance expenses in amounts to be proven at trial;

  F. Order Defendant to make whole Daniel Johnson by providing compensatory damages for past and future pecuniary losses including emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self-esteem, and humiliation, in amounts to be proven at trial;

G. Order Defendant to pay Daniel Johnson punitive damages for its malicious and/or reckless conduct described above, in amounts to be proven at trial;

H. Award pre-judg`ment and post-judgment interest on all amounts recovered as allowed by law;

I. Award the Commission its cost of this action; and

J. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**JAMES LEE**
Deputy General Counsel
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
131 M Street, N.E.
Washington, D.C. 20507

**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Email: james.sacher@eeoc.gov
**KATHY D. BOUTCHEE**
Senior Trial Attorney
Tex. Bar No.: 02717500
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002

Tel: (713) 209-3399
Fax: (713) 209-3402
Email: kathy.boutchee@eeoc.gov

/s/Michelle T. Butler
**MICHELLE BUTLER, T.A.**
Senior Trial Attorney
L.A. Bar Roll Number 01286
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Ave., Suite 1900
New Orleans, Louisiana 70112
Tel: (504) 595-2872 (TA)
Fax: (504) 595-2886
Email: michelle.butler@eeoc.gov
**ATTORNEYS FOR PLAINTIFF**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

**AGENT FOR SERVICE OF PROCESS**:
CT Corporation System
5616 Corporate Blvd., Suite 400B,
Baton Rouge, Louisiana, 70808.

D:\Mike Hooks Complaint-convert file.wpd